# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN ROSS,<br>        Petitioner,<br>v.<br><br>PENNSYLVANIA BOARD OF<br>PROBATION AND PAROLE, et al.,<br>        Respondents. | Civ. No. 12-5521 |

## O R D E R

On April 25, 2013, the Magistrate Judge recommended that I deny Petitioner Brian Ross's Habeas Petition for two reasons: (1) I lack subject-matter jurisdiction because Petitioner is not "in custody," and (2) the Petition is time-barred. (Doc. No. 10); 28 U.S.C. § 2254. I will overrule Petitioner's *pro se* objections (Doc. No. 13), and adopt the Magistrate Judge's Report and Recommendation.

On October 3, 2007, Petitioner was found guilty of driving under the influence of alcohol and going the wrong way on a one-way street. (Doc. No. 10 at 1.) He was sentenced to three to six months of incarceration, and completed his sentence in April 2008. (Id. at 1-2.) Petitioner filed the instant Habeas Petition on September 26, 2012. (Id. at 2.)

I must review *de novo* the portions of the Report and Recommendation to which timely, specific objections have been filed. 28 U.S.C. § 636(b)(1)(C). Petitioner argues that I should reject the Magistrate Judge's Report and Recommendation because it is "illegal and against public policy," and vaguely refers to a "quasi contract." (Doc. No. 13 at 2-3.) Because neither of these "objections" is even comprehensible—let alone specific—I need not address them. See Henderson v. Keisling, 386 F. App. 164, 164 (3d Cir. 2010).

Petitioner also objects to the Magistrate Judge's determination that his Petition is untimely, arguing equitable tolling applies. (Doc. No. 13 at 3.) To make out equitable tolling, Petitioner must

show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Ross v. Varano, 712 F.3d 784, 798 (3d Cir. 2013) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner has not made this showing. Petitioner suggests that the docket sheets from his various appeals show that he has diligently pursued his rights. (Doc. No. 13 at 13-59.) It is difficult to determine exactly what the docket sheets show, but assuming *arguendo*, they make out Plaintiff's diligence, he has provided no evidence that extraordinary circumstances prevented him from timely seeking habeas relief. Accordingly, I will overrule his timeliness objection.

Finally, even if Petitioner could make out equitable tolling, he has not objected to the Magistrate Judge's finding that he is not "in custody." Because it establishes that this Court is without subject-matter jurisdiction, this finding alone provides a sufficient basis to deny habeas relief. See Maleng v. Cook, 490 U.S. 488, 491 (1989). Accordingly, I will deny Petitioner's Habeas Petition.

**AND NOW**, this 22nd day of July 2013, upon consideration of the Petition for Writ of Habeas Corpus (Doc. No. 1), Respondent's Answer (Doc. Nos. 8, 9), the Magistrate Judge's Report and Recommendation (Doc. No. 10), Petitioner's Objections (Doc. No. 13), and the Response to Petitioner's Objection (Doc. No. 15), it is **ORDERED** and **DECREED**:

1. Petitioner's Objections are **OVERRULED**;

2. The Report and Recommendation is **APPROVED** and **ADOPTED**;

3. The Petition for a Writ of Habeas Corpus is **DENIED**; and

4. There is no basis for the issuance of a certificate of appealability.

The Clerk of Court shall close this matter for statistical purposes.

                                                 **AND IT IS SO ORDERED.**

                                                 */s/ Paul S. Diamond*
                                                 _____
                                                 Paul S. Diamond, J.